NEW YORK (ALLEN v.). See Case No. 232.

## Case No. 10,196

### NEW YORK v. HICHLAND.

[6 Ben. 289.] [1]

District Court, S. D. New York. Jan., 1873.

OVERLOADING PIER—EXCEPTIONS TO LIBEL.

A libel to recover damages for injury to a pier by overloading it, which states that the pier is within navigable waters from the ocean and within the ebb and flow of the tide, and does not show that the pier is a part of the land, is not liable to exception, as failing to state a case within the jurisdiction of the admiralty.

The libel in this case alleged that the libellants were owners of pier 46, East river, in

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

the city of New York; that the pier was within navigable waters from the ocean, and within the flow of tide water; and that the respondent [William Hichland] was the owner of the bark Maggie L. Carvill, which, while lying alongside such pier, negligently discharged cargo on the pier and damaged it to the amount of $10,000. The respondent excepted to the libel, because the cause of action was not of admiralty cognizance.

A. J. Vanderpoel, for libellant.
C. Donohue, for respondent.

BLATCHFORD, District Judge. I must overrule the exceptions to the libel in this case, on the ground that it does not appear, by the libel, that the pier named was part of the land, and was not a floating pier, while it is alleged, by the libel, that the pier was "within navigable waters from the ocean, and within the flow of tide water."